DALE R. BISH, State Bar No. 235390
SONAL MITTAL, State Bar No. 299222
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dbish@wsgr.com; smittal@wsgr.com

BRIAN WILLEN (*pro hac vice pending*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email: bwillen@wsgr.com

*Attorneys for Defendant
Google Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GURMINDER SINGH, Individually and On Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | CASE NO.: 5:16-cv-03734-BLF<br><br>**GOOGLE INC.'S ADMINISTRATIVE MOTION TO STAY DISCOVERY**<br><br>Before: Hon. Beth Labson Freeman |

## ADMINISTRATIVE MOTION TO STAY DISCOVERY

Pursuant to Civil Local Rule 7-11, Defendant Google Inc. ("Google") respectfully submits this administrative motion seeking an order staying discovery until the Court resolves Google's Motion to Dismiss Plaintiff's Amended Complaint.

The Amended Complaint asserts a number of claims against Google based on Google's alleged failure to prevent invalid clicks on AdWords advertisements. Plaintiff's entire relationship with Google as an AdWords advertiser is governed by the Google Inc. Advertising Program Terms ("AdWords Agreement" or "Agreement"). *See* Amended Complaint ("Am. Compl.") ¶¶ 3, 7, 74. Under that agreement, as explained in Google's concurrently filed Motion to Dismiss, Plaintiff expressly agreed to waive all claims related to charges for invalid clicks unless he first pursued those claims in Google's claims process. Plaintiff did not do so, and so the claims he has asserted against Google fail as a matter of law. For that reason, and others set out in the Motion to Dismiss, the Amended Complaint should be dismissed, with prejudice, under Rule 12(b)(6).

In these circumstances, where there is a pending motion to dismiss that would end the case, it is an appropriate exercise of the Court's discretion to conserve both judicial and party resources by staying discovery pending resolution of the motion. That is the course that Google respectfully requests the Court follow here.

## BACKGROUND

Plaintiff is an advertiser in Google's AdWords program. On September 9, 2016, Plaintiff filed an Amended Complaint on behalf of a purported class of AdWords advertisers, alleging that Google failed to prevent invalid clicks on unspecified AdWords advertisements. Dkt. 14-15. On September 14, 2016, the parties agreed to extend Google's time to respond to the Amended Complaint to October 24, 2016. Dkt. 16. While Google was preparing its Motion to Dismiss in response to the Amended Complaint, the parties conducted a Rule 26(f) conference and submitted a Joint Case Management Statement to the Court. The Statement reflected the parties' disagreement regarding discovery. Dkt. 25. Google explained that, in its view, it was premature to engage in discovery before the Court ruled on its Motion to Dismiss, given that its Motion

1  argues that the entire Amended Complaint fails as a matter of law and should be dismissed with
2  prejudice. *Id.* Plaintiff took the position that discovery should commence immediately. *Id*. As a
3  compromise, Google offered to exchange initial disclosures without production of documents at
4  a mutually agreeable date following the Case Management Conference. *Id.*

5  During the Case Management Conference on October 13, 2016, the parties reiterated
6  their positions on discovery, and the Court indicated it would consider a motion by Google to
7  seek a stay consistent with its position in the Joint Statement. Google filed its Motion to Dismiss
8  on October 24, 2016, with a noticed hearing date of December 22, 2016 (the Court's earliest
9  available date).

10  Plaintiff has confirmed, through counsel, that he opposes Google's request for a stay of
11  discovery.

12  **ARGUMENT**

13  This Court has "wide discretion in controlling discovery." *Little v. City of Seattle*, 863
14  F.2d 681, 685 (9th Cir. 1988).[1] "A district court may stay discovery when it is convinced that the
15  plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th
16  Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)) (internal quotations
17  and alterations omitted). "Staying discovery when a court is convinced that the plaintiff will be
18  unable to state a claim for relief furthers the goal of efficiency for the court and the litigants."
19  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Accordingly, courts in this
20  District often stay discovery pending the outcome of a dispositive motion when the motion will
21  be dispositive of the entire case and the motion can be decided without discovery. *See, e.g.*,
22  *Hamilton v. Rhoads*, No. C-11-0227 RMW, 2011 U.S. Dist. LEXIS 123494 (N.D. Cal. Oct. 25,
23  2011); *Gibbs v. Carson*, No. C-13-0860, 2014 U.S. Dist. LEXIS 5413, at *7 (N.D. Cal. Jan. 14,
24  2014); Case Management Order, *In re Netflix Antitrust Litigation*, Case No. C 07-00643 (N.D.

---

[1] Courts in this District have decided administrative motions to stay discovery under L.R. 7-11 under the same standards applicable to motions under Fed. R. Civ. P. 26(c). *See, e.g.*, *ArrivalStar S.A. v. Blue Sky Network, LLC*, No. CV-11-4479 SBA, 2012 U.S. Dist. LEXIS 22316, No. CV-11-4479 SBA, at *3 (N.D. Cal. Feb. 21, 2012) (granting administrative motion to stay discovery).

1  Cal., Apr. 26, 2007), ECF No. 20; Order Granting Stay of Discovery, *Song Fi, Inc. v. Google*
2  *Inc. et al.*, Case No. C 14-5080 (N.D. Cal., Apr. 27, 2016), ECF No. 99.
3        Staying discovery in this case would spare the parties from needless discovery burdens
4  before the legal sufficiency of the Amended Complaint has been tested. It would also spare the
5  Court from having to address possible discovery disputes in a case that may never proceed past
6  the pleadings. *See Lopez v. Cate*, No. 1:10-CV-01773, 2014 U.S. Dist. LEXIS 98949, at *3-4
7  (E.D. Cal. July 21, 2014) ("The avoidance of undue burden or expense is grounds for the
8  issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution
9  of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants.").
10 And no prejudice to the parties will result from a stay given that this case is not scheduled for
11 trial until April of 2019 (and dispositive motions are not due until January of 2019). Dkt. 29.
12 Even with a stay, therefore, the parties will have ample time to conduct discovery should this
13 case proceed.
14       A stay is especially appropriate in light of the nature of Google's Motion to Dismiss. All
15 of the claims in the Amended Complaint are based on Google's alleged failure to prevent some
16 amount of invalid clicks on AdWords advertisements for which advertisers were charged. But, as
17 Google's Motion to Dismiss explains, the AdWords Agreement expressly informs advertisers
18 that invalid clicks may occur, sets up a claims process for recovering any charges for clicks that
19 may be invalid, and waives all claims against Google for charges related to clicks unless the
20 advertiser has first attempted to use the claims process. Here, Plaintiff does not and cannot allege
21 that he availed himself of Google's claims process and so, by the terms of the parties' agreement,
22 he waived all claims related to charges for clicks. Plaintiff's overarching waiver makes it all the
23 more appropriate not to subject the parties to the burdens of discovery unless and until the
24 Motion to Dismiss is resolved in Plaintiff's favor. *See Hamilton*, 2011 U.S. Dist. LEXIS 123494,
25 at *2 (granting stay of discovery because defendant's "motion to dismiss, if meritorious, is
26 potentially dispositive of the case, as it relates to them"); *accord Rutman Wine Co. v. E. & J.*
27 *Gallo Winery*, 829 F.2d 729, 738 (9th Cir. Cal. 1987) (explaining that the "purpose of [Rule]
28

GOOGLE'S ADMINISTRATIVE MOTION     -3-
TO STAY DISCOVERY
**CASE NO. 5:16-CV-03734-BLF**

1  12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without
2  subjecting themselves to discovery").

## CONCLUSION

For these reasons, Google respectfully requests the Court stay discovery in this action pending a ruling on Google's Motion to Dismiss Plaintiff's Amended Complaint.

Dated: October 24, 2016                    Respectfully submitted,

                                                    WILSON SONSINI GOODRICH & ROSATI
                                                    Professional Corporation

                                                    By:  /s/ Dale R. Bish
                                                               Dale R. Bish

                                                  *Attorneys for Defendant*
                                                  *Google Inc.*