SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP
Todd M. Schneider (SBN 158253)
Mark T. Johnson (SBN 76904)
Kyle G. Bates (SBN 299114)
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
mjohnson@schneiderwallace.com
kbates@schneiderwallace.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| GURMINDER SINGH, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>vs.<br><br>GOOGLE, INC.,<br><br>           Defendant. | Case No. 5:16-cv-03734-BLF<br><br>**PLAINTIFF'S OPPOSITION TO GOOGLE'S ADMINISTRATIVE MOTION TO STAY DISCOVERY**<br><br>The Honorable Beth Labson Freeman |

## I. INTRODUCTION

On a motion for a protective order limiting discovery, the party seeking to limit discovery has the burden of establishing grounds for its issuance. Defendant does not even purport to satisfy its burden. Instead, Defendant asserts that it has filed a motion to dismiss and on that basis alone requests the Court to enter a protective order and a blanket stay of all discovery in the action. But filing a motion to dismiss does not trigger an immediate stay of discovery. Defendant fails to make the requisite particular and factual showing that there is good cause for entry of a protective order. Defendant's motion is substantively defective and should be denied.

## II. LEGAL STANDARD

While district courts have discretion to stay discovery, Federal Rules of Civil Procedure 26(c)(1) requires the moving party to demonstrate good cause. *Pac Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). Under Ninth Circuit law, "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975). This showing must be particular and specific and go beyond "a mere conclusory statement that discovery would cause undue burden and expense." *Twin City Fire Ins. Co. v. Employers Ins. Of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("Courts have insisted on a particular and specific demonstration of fact, as distinguished from conclusory statements in order to establish good cause"). This is because the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery, similar to the one requested here. To the contrary, District courts tend to look unfavorably upon blanket stays. *San Francisco Tech. v. Kraco Enterprises LLC*, No. 5:11-CV-00355 EJD, 2011 WL 2193397, at *2 (N.D. Cal. June 6, 2011); *see also Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–601 (C.D. Cal. 1995) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.").

When, as here, a motion to stay discovery is predicated on a pending motion to dismiss, courts in the Ninth Circuit apply a two-part test: (1) the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed; and (2) the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery. *San Francisco Tech.*, 2011 WL 2193397 at *2. Both parts of the test must be satisfied for a protective order to issue, otherwise discovery proceeds. *Id.* Here, Defendant fails to satisfy either part of the test.

### III.     ARGUMENT

#### A.     Defendant Has Failed to Make the Requisite Strong Showing that it is Entitled to a Protective Order Staying All Discovery in this Action

Defendant asserts that a protective order and stay of discovery will "spare the parties from needless burdens of discovery before the legal sufficiency of the Amended Complaint has been tested." Def. Br. at 3. Defendant, however, offers no particular or specific facts to supports its assertion. Instead, Defendant offers only a few conclusory statements about <u>undefined</u> discovery burdens. This is not enough. In *Gray v. First Winthrop Corp.* the court explained:

> Defendants have done no more than to argue in conclusory fashion that their motions to dismiss … will succeed .... Idle speculation does not satisfy Rule 26(c)'s good cause requirement. Such general arguments could be said to apply to any reasonably large civil litigation. If this court were to adopt defendants' reasoning, it would undercut the Federal Rules' liberal discovery provisions. The motions referred to by defendants will be decided in due course; in the meantime, defendants may only seek to attack the discovery requests by means of objections, if appropriate, as provided in the Federal Rules.

*Gray,* 133 F.R.D. at 40 (N.D. Cal. 1990). This is precisely what Defendant has done here.

Notably, Defendant fails to identify any discovery burdens because Plaintiff has not served any discovery yet. To be sure, Defendant is objecting and complaining about discovery burdens in the abstract. It is axiomatic that where no discovery requests have been served, the Court lacks the ability to assess the breadth of the discovery and the prejudice, if any, that a

defendant will suffer in responding to discovery. But this is what Defendant asks of the Court here. Moreover, setting aside for a moment the fact that no discovery has been served, Defendant's request to shut down all discovery is overbroad. Defendant fails to substantiate how all anticipated discovery in this action would be unduly burdensome. *See In re Flash Memory Antitrust Litig.*, (calling the defense position that all discovery should be stayed pending the resolution of motions to dismiss "overbroad and unpersuasive"). So it is here. Defendant does not explain how producing readily available documents, such as those utilized in preparing its motion to dismiss or its initial disclosures, would be unduly burdensome. And yet, Defendant seeks a stay of all discovery. As such, Defendant has utterly failed to make the requisite strong showing supported by particular and specific facts that it is entitled to a protective order and a blanket stay of all discovery in this case.

### B. Defendant Has Failed to Show There Is "No Question" That Its Motion to Dismiss Will be Granted and Will Be Dispositive of All Claims in this Action

Defendant asserts a stay here is "especially appropriate in light of the nature of [its] Motion to Dismiss." Def. Br. At 3. But the opposite is true. Defendant's request for a stay is "especially inappropriate" in light of its motion to dismiss. In essence, Defendant *via* an administrative motion, requests the Court to determine that it is convinced that it will ultimately grant Defendant's motion to dismiss and that Defendant's motion to dismiss will be dispositive of all the claims in this action. However, Defendant's motion to dismiss was filed just four days ago. Plaintiff has not yet responded to it. The Court should not be asked to weigh the merits of such a filing before Plaintiff has even responded to it. This is illustrates why courts often refuse to examine the merits of complaints on motions to stay discovery, unless the complaint is patently "frivolous." *Gray*, 133 F.R.D. at 40. The Amended Complaint in this action is by no stretch of the imagination frivolous.

The bar is very high. Courts may grant a stay of discovery when they are "convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen,* 644 F.2d 797, 801 (9th Cir. 1981). To this end, the court "must take a 'peek' at the merits in order to assess" whether

there is "no question in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Baker v. Ark. Blue Cross,* No. 08-cv-03974, 2009 WL 904150, *5 (N.D. Cal. Mar. 31, 2009) (noting "that it is not clear that Plaintiffs will fail to state a claim, so a stay of discovery is not warranted"); *Seven Springs L.P. v. Fox Capital Mgmt. Corp.,* No. 07-cv-0142, 2007 WL 1146607, at **5-6 (E.D. Cal. April 18, 2007) ("the precise standard that this court will use in exercising its discretion to stay discovery herein is whether [the moving party] has shown, by clear and convincing evidence, that it will prevail on the merits of its dispositive motion").

Defendant has done little to convince the Court that it will grant its motion to dismiss and that the motion to dismiss will be dispositive all any claims in this action. Even if the Amended Complaint were to be dismissed, a stay of discovery should still not be granted because the Amended Complaint could be amended to cure any perceived defect. *See Nat'l Union Fire Ins. Co. v. Res. Dev. Servs.,* No. 10-cv-01324, 2010 WL 3746290 *2 (N.D. Cal. Sept. 17, 2010) (finding the possibility of the court granting defendant's motion to dismiss with leave to amend renders the motion not "potentially dispositive" and denying motion to stay discovery). As the Ninth Circuit has repeatedly held, leave to amend should be granted unless it is clear the complaint's deficiencies cannot be cured by amended, *Lucas v. Dep't of Corrs.,* 66 F.3d 245, 248 (9th Cir. 1995), including "dismissals for failure to comply with Rule 9(b) [that] should ordinarily be without prejudice." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1108 (9th Cir. 2003).

### C.     Plaintiff Will Be Unfairly Prejudiced If Discovery is Stayed

Defendant sells short the prejudice Plaintiff would experience should a stay be granted. Motions to stay discovery impose substantial costs on the courts and parties by delaying the efficient and expedient progress of litigation. Here, a stay of discovery would prejudice Plaintiff because the passage of time increases the likelihood that evidence will be lost, destroyed, or altered. Additionally, Plaintiff may obtain discovery that allow for a more detailed complaint to be filed if Plaintiff is required to amend his pleading. There is greater benefit to allowing

discovery to proceed at this time as it would promote the Court's interest, as well as that of the public, in judicial efficiency and timely resolution of litigation.

**IV.     CONCLUSION**

For the reasons set forth above, Defendant's Administrative Motion to Stay Discovery should be denied.

Dated:  October 28, 2016

SCHNEIDER WALLACE COTTRELL
KONECKY WOTKYNS LLP

/s/ Kyle G. Bates
Todd M. Schneider (SBN 158253)
Mark T. Johnson (SBN 76904)
Kyle G. Bates (SBN 299114)
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
mjohnson@schneiderwallace.com
kbates@schneiderwallace.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2016, I electronically transmitted the attached document to the Office of the Clerk of the U.S. District Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants for this case.

    /s/Kyle G. Bates
Kyle G. Bates
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
kbates@schneiderwallace.com