United States District Court<br>Northern District of California

1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

GURMINDER SINGH,

        Plaintiff,

     v.

GOOGLE, INC.,

        Defendant.

Case No.  16-cv-03734-BLF

**ORDER DENYING MOTION FOR STAY OF DISCOVERY**

[Re:  ECF 33]

11   Defendant Google, Inc. ("Google") filed a motion for a stay of discovery pending

12 resolution of Defendants' motion to dismiss.  Mot., ECF 33.  For the reasons set forth below,

13 Defendants' request for a stay of discovery is DENIED.

14   Plaintiff Gurminder Singh is an advertiser in Google's AdWords program.  On September

15 9, 2016, Plaintiff filed a First Amended Complaint ("FAC") on behalf of a putative class of

16 AdWords advertisers, alleging that Google failed to prevent invalid clicks on unspecified

17 AdWords advertisements.  *See generally* First Am. Compl., ECF 14.  Google filed a motion to

18 dismiss on October 24, 2016, and simultaneously filed the instant motion to stay discovery

19 pending the outcome of the motion to dismiss.  ECF 32, 33.  Singh's opposition to the motion to

20 dismiss is due November 28, 2016, and Google's reply is due December 19, 2016.  ECF 38.

21   "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of

22 discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278

23 F.R.D. 597, 600 (D. Nev. 2011).  "Had the Federal Rules contemplated that a motion to dismiss

24 under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that

25 effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of

26 litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).  However, a

27 district court does have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863

28 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of

United States District Court
Northern District of California

1  "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A).  Good cause for staying discovery may exist when

2  the district court is "'convinced that the plaintiff will be unable to state a claim for relief.'"

3  *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797,

4  801 (9th Cir. 1981)); *see also Tradebay*, 278 F.R.D. at 601 ("Staying discovery when a court is

5  convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency

6  for the court and the litigants.").  Under Ninth Circuit law, "[a] party seeking a stay of discovery

7  carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray*,

8  133 F.R.D. at 40 (citation omitted).

9  Courts in this district have applied a two-pronged test to determine whether discovery

10  should be stayed pending resolution of a dispositive motion.  *See, e.g.*, *Gibbs v. Carson*, No. C-13-

11  0860, 2014 WL172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-0227

12  RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union*

13  *Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003).  First, a pending motion

14  must be potentially dispositive of the entire case, or at least dispositive on the issue at which

15  discovery is directed.  *Pac. Lumber Co.*, 220 F.R.D. at 351 (citation omitted).  Second, the court

16  must determine whether the pending motion can be decided absent discovery.  *Id.* at 352 (citation

17  omitted).  "If the Court answers these two questions in the affirmative, a protective order may

18  issue.  However, if either prong of this test is not established, discovery proceeds." *Id.*  In

19  applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending

20  dispositive motion to assess whether a stay is warranted.  *Tradebay*, 278 F.R.D. at 602.

21  Google seeks a stay of discovery to spare the parties from "needless discovery burdens"

22  before the legal sufficiency of the FAC has been tested, and to spare the Court from having to

23  address possible discovery disputes in a case that may never proceed past the motion to dismiss

24  stage.  Mot. 3.  Google also contends that because Plaintiff has not alleged that he pursued his

25  claims in Google's claim process as required by the AdWords Agreement, he cannot proceed in

26  this action.  *Id.*  Therefore, a stay is appropriate here.

27  Plaintiff contends, however, that Google has failed to meet its burden of showing why a

28  stay should be imposed.  *See generally* Opp'n, ECF 36.  Singh makes three arguments regarding

1  why Defendant's motion should be denied:  First, Google offers no particular or specific facts to

2  support its assertion that a stay of discovery is necessary to spare the parties from the burdens of

3  discovery.  Opp'n 2.  Second, the Court should not be asked to weigh the merits of Defendant's

4  motion to dismiss before Singh has had the opportunity to respond to it, and because Google has

5  not shown that the purported deficiencies could not be cured by amendment.  *Id.* at 3–4.  Finally, a

6  stay of discovery would prejudice Plaintiff.  *Id.* at 4.

7  The Court does not find merit in Defendant's motion for two reasons.  First, Defendant

8  assumes that even if the Court finds that all of the claims are deficient for Plaintiff's failure to

9  allege that he pursued his claims in Google's claims process, as purportedly required by the

10  AdWords agreement, the Court would not grant Plaintiff leave to amend.  Additionally, Plaintiff

11  has not yet responded to the motion to dismiss and thus, the Court cannot, by a "preliminary

12  peek," assess the merits of the motion.  Thus, even if Defendant were correct that Plaintiff's

13  claims must be dismissed as alleged, the Court would consider whether leave to amend should be

14  granted, rendering Google's motion not dispositive.  *See Nat'l Union Fire Ins. Co. of Pittsburgh,*

15  *PA v. Res. Dev. Servs., Inc.*, No. C 10-1324, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010)

16  (denying motion to stay discovery where defendant assumed that the court would not grant

17  plaintiff leave to amend any deficient claims).

18  Additionally, Google has not demonstrated that denial of the stay would be burdensome.

19  Plaintiff correctly states that Google fails to identify any discovery burdens, and offers no

20  particular or specific facts to support its assertion that a stay would be necessary to spare the

21  parties or the Court from the "burden" of discovery.  Opp'n 2; *see* Mot. 3.

22  For the reasons set forth above, Defendants' request for a stay of discovery is DENIED.

23  **IT IS SO ORDERED.**

24  Dated: November 4, 2016

25  _____
BETH LABSON FREEMAN
26  United States District Judge

27

28

3