UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GURMINDER SINGH,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 16-cv-03734-BLF<br><br>**ORDER REGARDING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>[Re: ECF Nos. 135, 137, 140, 149] |

Before the Court are administrative motions to file under seal filed by both Plaintiff Gurminder Singh ("Plaintiff"), ECF No. 135 ("PMTS"), and Defendant Google LLC ("Google"), ECF No. 140 ("GMTS"). Each Party has filed a declaration in support of the other's administrative motion. ECF Nos. 137, 149. For the reasons stated below, each of the Parties' administrative motion to file under seal is GRANTED IN PART and DENIED IN PART.

## I.  LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id*. at 1097. This standard applies to motions for class certification. *See, e.g.*, *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (citing cases).

"Under the compelling reasons standard, a district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (internal quotation marks omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *2 (S.D. Cal. Feb. 21, 2014) (internal quotation marks omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Courts have found that a party has demonstrated compelling reasons warranting sealing where "confidential business material, marketing strategies, product development plans could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies." *Algarin*, 2014 WL 690410, at *3.

Sealing motions filed in this district also must be "narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civil L.R. 79-5(b).[1] Under Civil Local Rule 79-6(d), the submitting party must attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed." In addition, a party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id*.

Where the moving party requests sealing of documents because they have been designated

---

[1] The discussion of Civil L.R. 79-5 refers to the version of that rule that was in effect at the time the Parties filed these administrative motions. Civil L.R. 79-5 has since been amended. *See* Civil L.R. 79-5 (effective Nov. 1, 2021). Any future motions to seal in this case will be governed by the new version of the Rule.

2

confidential by another party or a non-party under a protective order, the burden of establishing adequate reasons for sealing is placed on the designating party or non-party. Civ. L.R. 79-5(e). The moving party must file a proof of service showing that the designating party or non-party has been given notice of the motion to seal. *Id*. "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration . . . and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Civ. L.R. 79-5(e)(2).

## II. PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Plaintiff filed an administrative motion to file under seal parts of its opening brief and 7 exhibits attached to the brief. *See* PMTS at 2-5. Google had designated the materials in the brief and exhibits as "Highly Confidential—Attorneys' Eyes Only" under the Parties' protective order. *See id.* In accordance with Civil L.R. 79-5, Google filed a declaration in support of sealing some of those materials. ECF No. 137-1 ("GDecl."). Google says that that its narrowed sealing request is required to prevent public release of its proprietary methods for filtering invalid clicks on Google platforms. *Id.* ¶¶ 4-8. Google says that some of the other material contains sensitive and confidential revenue data that could jeopardize Google's competitive standing. *Id.* ¶ 9.

The Court finds that Google has narrowed Plaintiff's sealing request to only material for which there are compelling reasons for sealing. Accordingly, Plaintiff's administrative motion to file under seal is GRANTED IN PART and DENIED IN PART. The following documents and portions of documents related to Plaintiff's motion for class certification SHALL remain under seal:

| ECF | Document | Portions | Reason |
| --- | --- | --- | --- |
| 134 | Plaintiff's Motion for Class Certification | 2:14-16, 4:22-28, 5:1-6, 5:16-28, 6:1-4, 6:9-12, 6:21, 10:8, 13:15-21 | These portions of the Memorandum of Points and Authorities contain highly sensitive and detailed technical information relating to the design, evaluation, and maintenance of Google's invalid click filters. These portions also reference internal, sensitive revenue data. Public disclosure of this highly sensitive |

3

| ECF | Document | Portions | Reason |
|---|---|---|---|
| | | | business information would allow Google's competitors unwarranted insight into Google's systems and filtering of invalid activity, thus enabling them to unfairly compete with Google. The disclosure of this information would also compromise Google's filters, allowing those who benefit from invalid activity to evade Google's invalid click detection systems, causing irreparable competitive and reputational harm to Google. |
| 134-4 | Tang Decl. Ex. 3 | 2:13-24, 65:1-25, 73:17-25, 100:10, 100:16-21, 100:24-101:25, 134:4-135:9. 135:19-25, 137:1-25, 158:1-5, 160:12-16, 160:18-25 | These portions of the transcript of the deposition of Google's 30(b)(6) witness, Per Bjorke, contain highly sensitive and detailed technical information relating to the design, evaluation, and maintenance of Google's invalid click filters, including the confidential names of those systems. Public disclosure of this highly sensitive business information would allow Google's competitors unwarranted insight into Google's systems and filtering of invalid activity, thus enabling them to unfairly compete with Google. The disclosure of this information would also compromise Google's filters, allowing those who benefit from invalid activity to evade Google's invalid click detection systems, causing irreparable competitive and reputational harm to Google. |
| 134-5 | Tang Decl. Ex. 4 | Highlighted portions of pages 1 & 2 | The highlighted portions of the Letter contain reference to a highly sensitive metric used in monitoring invalid clicks on Google's platform. Public disclosure of this highly sensitive business information would allow Google's competitors unwarranted insight into Google's systems and filtering of invalid activity, thus enabling them to unfairly compete with Google. The disclosure of this information would also compromise Google's filters, allowing those who benefit from invalid activity to evade Google's invalid click detection systems, causing irreparable competitive and reputational harm to Google. |
| 134-6 | Tang Decl. Ex. 5 | Entire document | The report contains highly sensitive and detailed technical information relating to an investigation into invalid click activity using Google's proprietary systems and tools. Public disclosure of this highly sensitive business information would |

| ECF | Document | Portions | Reason |
|---|---|---|---|
| | | | allow Google's competitors unwarranted insight into Google's systems and filtering of invalid activity, thus enabling them to unfairly compete with Google. The disclosure of this information would also compromise Google's filters, allowing those who benefit from invalid activity to evade Google's invalid click detection systems, causing irreparable competitive and reputational harm to Google. |
| 134-7 | Tang Decl. Ex. 6 | Entire document | The presentation contains highly sensitive and detailed technical information relating to the design, evaluation, and maintenance of Google's invalid click filters, including the confidential names of those systems and metrics. Public disclosure of this highly sensitive business information would allow Google's competitors unwarranted insight into Google's systems and filtering of invalid activity, thus enabling them to unfairly compete with Google. The disclosure of this information would also compromise Google's filters, allowing those who benefit from invalid activity to evade Google's invalid click detection systems, causing irreparable competitive and reputational harm to Google. |
| 134-8 | Tang Decl. Ex. 7 | Entire document | The report contains highly sensitive and detailed technical information relating to the design, evaluation, and maintenance of one of Google's metrics used to combat invalid activity. Public disclosure of this highly sensitive business information would allow Google's competitors unwarranted insight into Google's systems and filtering of invalid activity, thus enabling them to unfairly compete with Google. The disclosure of this information would also compromise Google's filters, allowing those who benefit from invalid activity to evade Google's invalid click detection systems, causing irreparable competitive and reputational harm to Google. |
| 134-11 | Tang Decl. Ex. 10 | Entire document | The chart contains highly sensitive and confidential revenue data and customer data pulled for the purpose of Per Bjorke's deposition. This information is not in the public record. Public disclosure of this highly sensitive business |

| ECF | Document | Portions | Reason |
|---|---|---|---|
| | | | information would jeopardize Google's competitive standing. |

Plaintiff SHALL file on the public docket Tang Decl. Ex. 8 (ECF No. 134-9), as no Party supports its sealing. Google SHALL file on the public docket the more narrowly redacted copies of ECF Nos. 134 and 134-4 that conform to this order. Google SHALL send highlighted, unredacted courtesy copies of those documents to the Court **no later than November 18, 2021**.

### III.   GOOGLE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Google filed an administrative motion to file under seal parts of its opposition brief, two declarations, and 14 exhibits attached to the brief.  *See* GMTS.  Those materials were a mix of material Google sought to seal and material that Plaintiff designated as "Highly Confidential—Attorneys' Eyes Only" under the Parties' protective order.  *See id.*  In accordance with Civil L.R. 79-5, Plaintiff filed a declaration in support of sealing a narrowed set of designated materials. ECF No. 149 ("PDecl.").  Google advances the same reasons as supported its narrowed sealing request for materials submitted in connection with Plaintiff's motion for class certification.  *See generally* GMTS.  Plaintiff states that the designated materials contain his marketing and business strategies, budget, and expenses which may result in competitive disadvantage for Plaintiff. PDecl. ¶¶ 4-5.

The Court finds that Google has established compelling reasons for sealing the materials it seeks to seal and that Plaintiff has narrowed his designated material such that there are compelling reasons for sealing that material too.  Accordingly, Google's administrative motion to file under seal is GRANTED IN PART and DENIED IN PART.  The following documents and portions of documents related to Google's opposition to Plaintiff's motion for class certification SHALL remain under seal:

| ECF | Document | Portions | Reason |
|---|---|---|---|
| 142 | Google's Opposition to Plaintiff's Motion for Class Certification | 4:19-20; 5:4-5; 6:9-10; 7:25-8:5; 8:8-19; 8:24-27; 9:2-6; 9:10-17; 11:27-28; 12:3-4; | These portions of the brief contain highly sensitive and detailed technical information relating to the design, evaluation, and maintenance of Google's invalid click filters. These portions also reference internal, sensitive revenue data. Public disclosure of this highly sensitive business information would allow |

| ECF | Document | Portions | Reason |
|---|---|---|---|
| | | 12:8-12; 12:21-22; 14:6-7; 14:9-12; 15:14-21; 17:17-21; 18:11-13; 18:22-28; 23:25-28 | Google's competitors unwarranted insight into Google's systems and filtering of invalid activity, thus enabling them to unfairly compete with Google. The disclosure of this information would also compromise Google's filters, allowing those who benefit from invalid activity to evade Google's invalid click detection systems, causing irreparable competitive and reputational harm to Google. These portions also contain detailed figures regarding Plaintiff's marketing and business strategies, budget, and expenses, and Plaintiff's testimony regarding such strategies, budget, and expenses, which would provide no benefit to the public interest if publicized through the court records but may result in harm to Plaintiff. |
| 142-1 | Sangal Declaration | ¶¶ 11, 21-23 | These portions of the declaration contain highly sensitive and detailed technical information relating to the design, evaluation, and maintenance of Google's invalid click filters. These portions also reference internal, sensitive revenue data. Public disclosure of this highly sensitive business information would allow Google's competitors unwarranted insight into Google's systems and filtering of invalid activity, thus enabling them to unfairly compete with Google. The disclosure of this information would also compromise Google's filters, allowing those who benefit from invalid activity to evade Google's invalid click detection systems, causing irreparable competitive and reputational harm to Google. |
| 142-2 | Bjorke Declaration | ¶¶ 10, 14, 15, 17, 20-23, 25-29 | These portions of the declaration contain highly sensitive and detailed technical information relating to the design, evaluation, and maintenance of Google's invalid click filters. These portions also reference internal, sensitive revenue data. Public disclosure of this highly sensitive business information would allow Google's competitors unwarranted insight into Google's systems and filtering of invalid activity, thus enabling them to unfairly compete with Google. The disclosure of this information would also compromise Google's filters, allowing those who benefit from invalid activity to evade Google's invalid click detection |

| ECF | Document | Portions | Reason |
|---|---|---|---|
| | | | systems, causing irreparable competitive and reputational harm to Google. |
| 142-3 | Bjorke Decl. Ex. 1 | Entire document | This exhibit contains highly sensitive and detailed technical information relating to the design, evaluation, and maintenance of Google's invalid click filters. It also references internal, sensitive revenue data. Public disclosure of this highly sensitive business information would allow Google's competitors unwarranted insight into Google's systems and filtering of invalid activity, thus enabling them to unfairly compete with Google. The disclosure of this information would also compromise Google's filters, allowing those who benefit from invalid activity to evade Google's invalid click detection systems, causing irreparable competitive and reputational harm to Google. |
| 142-4 | Bjorke Decl. Ex. 2 | Entire document | This exhibit contains highly sensitive and detailed technical information relating to the design, evaluation, and maintenance of Google's invalid click filters. It also references internal, sensitive revenue data. Public disclosure of this highly sensitive business information would allow Google's competitors unwarranted insight into Google's systems and filtering of invalid activity, thus enabling them to unfairly compete with Google. The disclosure of this information would also compromise Google's filters, allowing those who benefit from invalid activity to evade Google's invalid click detection systems, causing irreparable competitive and reputational harm to Google. |
| 142-6 | Nelson Decl. Ex. A | Entire document | The document contains detailed figures regarding Plaintiff's marketing and business strategies, budget, and expenses, and Plaintiff's testimony regarding such strategies, budget, and expenses, which would provide no benefit to the public interest if publicized through the court records but may result in harm to Plaintiff. |
| 142-8 | Nelson Decl. Ex. C | Entire document | The document contains detailed figures regarding Plaintiff's marketing and business strategies, budget, and expenses, and Plaintiff's testimony regarding such strategies, budget, and expenses, which |

| ECF | Document | Portions | Reason |
|---|---|---|---|
| | | | would provide no benefit to the public interest if publicized through the court records but may result in harm to Plaintiff. |
| 142-14 | Nelson Decl. Ex. I | Highlighted portions | This exhibit contains highly sensitive and detailed technical information relating to the design, evaluation, and maintenance of Google's invalid click filters. It also references internal, sensitive revenue data. Public disclosure of this highly sensitive business information would allow Google's competitors unwarranted insight into Google's systems and filtering of invalid activity, thus enabling them to unfairly compete with Google. The disclosure of this information would also compromise Google's filters, allowing those who benefit from invalid activity to evade Google's invalid click detection systems, causing irreparable competitive and reputational harm to Google. |
| 142-15 | Nelson Decl. Ex. J | Highlighted portions | This exhibit contains highly sensitive and detailed technical information relating to the design, evaluation, and maintenance of Google's invalid click filters. It also references internal, sensitive revenue data. Public disclosure of this highly sensitive business information would allow Google's competitors unwarranted insight into Google's systems and filtering of invalid activity, thus enabling them to unfairly compete with Google. The disclosure of this information would also compromise Google's filters, allowing those who benefit from invalid activity to evade Google's invalid click detection systems, causing irreparable competitive and reputational harm to Google. |
| 142-16 | Nelson Decl. Ex. K | Entire document | The document contains detailed figures regarding Plaintiff's marketing and business strategies, budget, and expenses, and Plaintiff's testimony regarding such strategies, budget, and expenses, which would provide no benefit to the public interest if publicized through the court records but may result in harm to Plaintiff. |
| 142-17 | Nelson Decl. Ex. L | Entire document | The document contains detailed figures regarding Plaintiff's marketing and business strategies, budget, and expenses, |

| ECF | Document | Portions | Reason |
|---|---|---|---|
| | | | and Plaintiff's testimony regarding such strategies, budget, and expenses, which would provide no benefit to the public interest if publicized through the court records but may result in harm to Plaintiff. |
| 142-21 | Nelson Decl. Ex. P | Entire document | The document contains detailed figures regarding Plaintiff's marketing and business strategies, budget, and expenses, and Plaintiff's testimony regarding such strategies, budget, and expenses, which would provide no benefit to the public interest if publicized through the court records but may result in harm to Plaintiff. |
| 142-22 | Nelson Decl. Ex. Q | Entire document | The document contains detailed figures regarding Plaintiff's marketing and business strategies, budget, and expenses, and Plaintiff's testimony regarding such strategies, budget, and expenses, which would provide no benefit to the public interest if publicized through the court records but may result in harm to Plaintiff. |
| 142-23 | Nelson Decl. Ex. R | Entire document | The document contains detailed figures regarding Plaintiff's marketing and business strategies, budget, and expenses, and Plaintiff's testimony regarding such strategies, budget, and expenses, which would provide no benefit to the public interest if publicized through the court records but may result in harm to Plaintiff. |
| 142-26 | Nelson Decl. Ex. U | 56:5-24, 60:5-25, 65:1-25, 94:1-12, 94:15-25, 113:1-25, 163:1-16 | This exhibit contains highly sensitive and detailed technical information relating to the design, evaluation, and maintenance of Google's invalid click filters. It also references internal, sensitive revenue data. Public disclosure of this highly sensitive business information would allow Google's competitors unwarranted insight into Google's systems and filtering of invalid activity, thus enabling them to unfairly compete with Google. The disclosure of this information would also compromise Google's filters, allowing those who benefit from invalid activity to evade Google's invalid click detection systems, causing irreparable competitive and reputational harm to Google. |

1  Plaintiff SHALL file on the public docket (1) Nelson Decl. Exs. B and T—as no Party supports
2  their sealing— and (2) the more narrowly redacted copy of Google's opposition to Plaintiff's
3  motion for class certification that conforms to this order.  Plaintiff SHALL send a highlighted,
4  unredacted courtesy copy of Google's opposition brief to the Court **no later than November 18,**
5  **2021**.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the Parties' administrative motions to file under seal are GRANTED IN PART and DENIED IN PART in accordance with the rulings in Sections II and III.  Each Party SHALL file new versions of the documents and provide courtesy copies as outlined in those sections.

Dated:  November 15, 2021

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

11